the evidence that the defendant did allow plaintiff to enter the mine and work therein without being under the direction of the mine manager, the jury could properly infer from such instruction that the defendant had in such respect violated a duty required of it by law and that plaintiff had a right to recover on that ground, and as the verdict may have been based in whole or in part on such erroneous idea of the defendant's statutory duty, the giving of the instruction constituted reversible error.

2. MINES AND MINERALS, § 156*—*when admission of evidence as to custom of miners in operation of cars is erroneous.* In an action by a coal miner for injuries sustained by being struck by an empty car running down an incline in the coal mine, *held* that the admission of evidence concerning the habit of one of the miners to permit cars to run down the incline by force of gravity was erroneous.

---

## Bert Biederbeck, Appellant, v. Robert Tucker, Appellee.

### Gen. No. 6,354.    (Not to be reported in full.)

Appeal from the County Court of Peoria county; the Hon. CHESTER F. BARNETT, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 19, 1917.

### Statement of the Case.

Action by Bert Biederbeck, plaintiff, against Robert Tucker, defendant, to recover one-half the expense of a fence built under the Fence Viewers' Act, sec. 8 (J. & A. ¶ 5708), and also the fees and reasonable expenses of the fence viewers. From a judgment based on a directed verdict in favor of defendant, plaintiff appeals.

O. P. WESTERVELT, CLARENCE W. HEYL and HARRY C. HEYL, for appellant.

R. H. RADLEY, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
    Vol. CCV 10

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. FENCES, § 12*—*when fence viewers have no authority to make appraisement of damages.* In an action to recover damages for building the defendant's portion of a division line fence which was erected by the plaintiff pursuant to the decision of fence viewers appointed under the Fence Viewers' Act, sec. 8 (J. & A. ¶ 5708), where it appeared that the notice limited the authority of the fence viewers to determining what proportion of the fence should be maintained by each owner, and damages were assessed without giving notice for the selection of fence viewers to make the appraisement of damages, *held* that the fence viewers originally selected could not legally make the appraisement of the damages, because they were not selected for that purpose under the original notice, and it was therefore necessary to give another notice to the defendant so that he would have the opportunity, which the statute contemplated, of selecting one of the fence viewers to make such appraisement.

2. FENCES, § 12*—*when fence viewers have no authority to determine character of fence to be built by parties.* Where a notice is given under the Fence Viewers' Act, sec. 8 (J. & A. ¶ 5708), for the purpose of determining the proportion of a division fence between lands which should be maintained by each owner, and the notice is limited to such purpose only, the fence viewers have no authority to determine the character of the fence to be built by the parties.

3. FENCES, § 6*—*when party erecting fence entitled to recover one-half of fees and expenses of fence viewers.* In an action to recover damages for building the defendant's portion of a division line fence which was erected by the plaintiff pursuant to the decision of fence viewers appointed under the Fence Viewers' Act, sec. 8 (J. & A. ¶ 5708), and also to recover the fees and reasonable expenses of the fence viewers, where it was determined that the plaintiff had no right to recover the cost of the fence because notice for the appointment of appraisers to appraise damages had not been given, *held* that the plaintiff was, however, entitled to recover one-half the amount paid by him for fees and reasonable expenses for the fence viewers which were incurred in determining the dispute as to the proportions of the fence to be maintained by the respective parties.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.